**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy Scott Decker, et al., | No. CV-23-08077-PCT-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Omer Zonic, et al., | |
| Defendants. | |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Defendant Omer Zonic removed this action solely on the basis of diversity jurisdiction. (Doc. 1.) The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34. There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiffs and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all

the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).  Having reviewed the Notice of Removal to determine if subject matter jurisdiction exists, the Court finds that the Notice of Removal is facially deficient because it fails to affirmatively set forth the facts necessary to determine the citizenship of certain parties.

The Notice of Removal states that Plaintiffs were "residents" of Arizona and Defendant Zonic was a "resident" of Nevada.  (Doc. 1 ¶¶ 2, 5.)  But "[i]t has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the . . . courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction." *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905).  "To be a citizen of a state, a natural person must first be a citizen of the United States.  The natural person's state citizenship is then determined by her state of domicile, not her state of residence.  A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 858-59 (9th Cir. 2001) (emphasis added) (citations omitted).  *See also id.* ("In this case, neither Plaintiffs' complaint nor [Defendants'] notice of removal made any allegation regarding Plaintiffs' state citizenship. Since the party asserting diversity jurisdiction bears the burden of proof, [Defendants'] failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction.").  Thus, an allegation regarding a party's state of residence fails to establish his or her state of domicile for diversity purposes.

To cure this pleading deficiency, the Court will require Zonic to file an amended notice of removal that affirmatively states the citizenship of Plaintiffs and Zonic under the correct legal standard.  *Star Ins. Co. v. West*, 2010 WL 3715155, *2 (D. Ariz. 2010); *see also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings.").  Defendant is advised that failure to timely comply with this order shall

result in the remand of this action without further notice for lack of subject matter jurisdiction.

To ensure that the requirements of subject-matter jurisdiction are met, the Court will require Plaintiffs to file a notice informing the Court of their state(s) of domicile.

Accordingly,

**IT IS ORDERED** that Plaintiffs shall file a notice informing the Court of their state(s) of domicile by **May 26, 2023**.

**IT IS FURTHER ORDERED** that Zonic shall file an amended notice of removal properly stating a jurisdictional basis for this action no later than **June 2, 2023.**

**IT IS FURTHER ORDERED** that if Zonic fails to file an amended notice of removal by **June 2, 2023**, the Clerk of Court shall remand this action to state court without further notice.

Dated this 19th day of May, 2023.

Dominic W. Lanza
United States District Judge