**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy Scott Decker, et al., | No. CV-23-08077-PCT-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Omer Zonic, et al., | |
| Defendants. | |

Pending before the Court is the motion to withdraw as counsel of record without client consent (Doc. 16) filed by Plaintiffs' counsel, Suzie Zachar Hardy, Esq. of Zachar Law Firm, P.C.

Ninth Circuit law suggests a "justifiable cause" standard applies when, as here, the client does not affirmatively consent to the withdrawal request. *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941) ("An attorney may not, in the absence of the client's consent, withdraw from a case without justifiable cause; and then only after proper notice to his client, and on leave of the court."). "Justifiable cause" is not a terribly demanding standard, and the professional considerations listed in ER 1.16 will often satisfy it, so long as other factors don't outweigh those considerations. *Gagan v. Monroe*, 2013 WL 1339935, *4 (D. Ariz. 2013) ("Factors that a district court should consider when ruling upon a motion to withdraw as counsel include: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay

the resolution of the case."). "[T]he trial court retains wide discretion in a civil case to grant or deny counsel's motion to withdraw." *Bohnert v. Burke*, 2010 WL 5067695, *1 (D. Ariz. 2010). "When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Ariz. R. Prof'l. Cond. ER 1.16(c).

Here, the Court is unable to determine how much Counsel's reasons weigh in favor of withdrawal because the Court has no idea what Counsel's reasons are. Local Rule 83.3(b) provides that the application to withdraw must set forth the reasons for the withdrawal. Counsel avers that "Counsel and Plaintiffs have irreconcilable differences regarding the litigation of this matter, and Plaintiffs are in the process of retaining new counsel to represent them." (Doc. 16 at 1.) However, no newly retained counsel for Plaintiffs has file a notice of appearance in this action in the three weeks since Counsel filed the motion to withdraw. The motion lacks Plaintiffs' written consent, which raises questions as to whether Plaintiffs agree that termination of representation is necessary or desirable. Furthermore, Counsel does not specify what the "irreconcilable differences" are. In the Court's experience, attorneys sometimes identify any reason listed in ER 1.16 as a "conflict" or "irreconcilable difference" requiring withdrawal, although in fact, certain listed reasons do not force an attorney to violate any ethical rules and do not constitute circumstances where the attorney "shall" withdraw but merely establish that the attorney "may" withdraw, unless the tribunal orders continued representation. *Compare* Ariz. R. Prof'l. Cond. ER 1.16(a) *with* ER1.16(b). *See, e.g.*, *Brown v. City of Glendale*, 2:18-cv-01267-DWL, Doc. 64 at 3 (a client's failure to pay does not "somehow force[] [an attorney] to violate any ethical rules if required to keep litigating [the] case" but is merely a reason "why the firm would prefer to withdraw."), *Hoppmann v. Pampered Pets & Plants Incorporated et al*, 2:22-cv-00427-DWL, Doc. 47 at 5 ("Far from being 'an unwaivable conflict of interest' that 'necessitates Applicants' withdrawal,' a client's failure to pay is a circumstance through which attorneys often continue representation. Continued representation where a client fails to pay would not

violate any rule of professional conduct and withdrawal is not mandatory under the circumstances."). The reasons listed in ER 1.16 run the gamut from the client's failure to timely pay his attorney to the client's persistent criminal or fraudulent acts. In short, some of the reasons are more compelling than others. The Court cannot weigh whether the reasons for withdrawal are outweighed by the harm withdrawal might cause to Plaintiffs or to the administration of justice without knowing those reasons.

The Court cannot exercise its discretion to grant or deny a motion to withdraw in the absence of client consent without knowing the reason(s) justifying withdrawal.[1] *United States v. Williams,* 717 F.2d 473, 475 (9th Cir. 1983) ("A trial court's decision to release counsel is an exercise of its discretion"); *Woodall v. Drake Hotel, Inc.*, 913 F.2d 447, 449–50 (7th Cir. 1990) ("[C]ounsel bore the burden of demonstrating that [the clients] had consented to the motion . . . or that there was a valid and compelling reason for the court to allow the withdrawal over objection. . . . Because class counsel never disclosed, and the court never compelled counsel to disclose, the reason for withdrawal, the court abused its discretion by granting the motion.").

By requiring Counsel to submit an *ex parte* affidavit under seal[2] in support of the withdrawal motion and allowing Plaintiff the opportunity to respond (again, *ex parte* and under seal), the Court can gain the information it needs to appropriately balance the withdrawal factors while ensuring that no communications assertedly protected by attorney-client privilege are disclosed to the public or to Defendants. *See, e.g.*, *Sabre Int'l Security v. Torres Advanced Enterprise Solutions, LLC*, 219 F. Supp. 3d 155, 158-59 (D.D.C. 2016) ("Numerous courts have reviewed . . . affidavits under seal to ascertain the basis of the motion to withdraw without upsetting the attorney-client privilege."); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F.Supp.2d 164, 165-66 (E.D.N.Y. 2006) ("A

---

[1] The Court recognizes that the comments to ER 1.16 state that a non-specific avowal "that professional considerations require termination of the representation ordinarily should be accepted as sufficient." The Court respectfully disagrees. Such an assertion is too vague to allow the Court to exercise its discretion in any meaningful way or to ensure that "justifiable cause" truly exists to support the withdrawal request.

[2] For Plaintiffs' benefit: "*ex parte*" means Defendants cannot see it, and "under seal" means the public cannot see it.

1. review of the relevant case law demonstrates that documents in support of motions to
2. withdraw as counsel are routinely filed under seal where necessary to preserve the
3. confidentiality of the attorney-client relationship between a party and its counsel, and that
4. this method is viewed favorably by the courts.").

On the other hand, if Counsel can obtain Plaintiff's written consent, no affidavit will be necessary, as this Court generally grants motions to withdraw as counsel with client consent, absent unusual circumstances not present here.

Accordingly,

**IT IS ORDERED** that by **November 8, 2023**, Counsel shall file one of the following: (1) Plaintiffs' written consent to the withdrawal, (2) an *ex parte* affidavit under seal, explaining the reasons justifying withdrawal, together with proof of service of this order and the affidavit on Plaintiffs, or (3) a retraction of the motion to withdraw.

**IT IS FURTHER ORDERED** that if Counsel files and serves on Plaintiffs an *ex parte* affidavit under seal, explaining the reasons justifying withdrawal, Plaintiffs may file an *ex parte* response under seal by **November 22, 2023**.

Dated this 24th day of October, 2023.

_____
Dominic W. Lanza
United States District Judge