**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy Scott Decker, et al., | No. CV-23-08077-PCT-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Omer Zonic, et al., | |
| Defendants. | |

This action arises from a motor vehicle accident that occurred in Mohave County in February 2021. (Doc. 11.) Although Plaintiffs were represented by counsel during earlier stages of the case, counsel filed a motion to withdraw in October 2023, which the Court recently granted. (Docs. 16, 21.) Accordingly, Plaintiffs are now proceeding *pro se*.

On December 20 and 22, 2023, Plaintiffs filed a pair of documents entitled "Notice and Demand." (Docs. 23, 24.) In each document, Plaintiffs accuse the Court of violating various federal and state laws by granting their former counsel's withdrawal request; declare that "now, it is your turn to be held accountable"; demand that the Court provide "a copy of all your insurance and/or liability coverage"; and purport to set a deadline for providing these materials, the violation of which "is your complete and absolute waiver of any and all claim or claims against us, plus costs." (*Id.*) The notices are also filled with various rambling, sovereign citizen-style assertions, such as Plaintiffs' purported "reservation of all rights . . . pursuant to Uniform Commercial Code," identification of themselves of "non-combatant[s]," and an attestation of "common law citizenship." (*Id.*)

These communications are inappropriate in both form and substance. As for form, a litigant cannot seek relief by writing a letter to the judge or submitting a "Notice and Demand" to the judge. As one court has explained, "[j]udges are authorized to pass on matters properly presented to them (*i.e.*, within the context of formally commenced lawsuits and any motions filed within them), not personal letters. Put another way, if a litigant seeks judicial action of any sort . . . , it must be contained within a motion arising from a properly filed lawsuit. It cannot be requested in a personal letter to a judge." *In re Unsolicited Letters to Federal Judges*, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000). *See also Gross v. University Physicians, Inc.*, 2004 WL 5324115, *3 (D. Md. 2004) ("*Pro se* status . . . does not absolve a litigant's duty to comply with fundamental procedural rules. Judges are authorized to consider matters properly presented to them such as motions filed by the parties, not personal letters."). Plaintiffs are advised to review and become familiar with the Handbook for Self-Represented Litigants that is available on the Court's website: https://www.azd.uscourts.gov/forms/forms-self-represented-litigants.

As for substance, it should go without saying that litigants cannot be permitted to threaten judges with civil liability whenever they disagree with a judicial ruling. Plaintiffs are advised in the strongest possible terms that future violations of this principle will result in more than a warning. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates. These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. . . . In addition, it is firmly established that the power to punish for contempts is inherent in all courts. This power reaches both conduct before the court and that beyond the court's confines . . . .").

Dated this 12th day of January, 2024.

_____
Dominic W. Lanza
United States District Judge