**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy Scott Decker, et al., | No. CV-23-08077-PCT-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Omer Zonic, et al., | |
| Defendants. | |

Pending before the Court is Defendants' motion for summary judgment or, in the alternative, motion to dismiss. (Doc. 30.) Plaintiffs did not respond. For the following reasons, the motion is granted.

**RELEVANT BACKGROUND**

In February 2023, Plaintiffs—who were then represented by counsel—filed a complaint in Mohave County Superior Court. (Doc. 1-3.) The complaint asserts a negligence claim against Defendants arising from a car accident that occurred in February 2021. (*Id.*)

In April 2023, this action was removed to federal court based on diversity jurisdiction. (Doc. 1.)

In October 2023, Plaintiffs' counsel filed a motion to withdraw, which the Court granted. (Docs. 16, 21.) Accordingly, Plaintiffs are now proceeding *pro se*.

On January 11, 2024, Plaintiffs' depositions were scheduled to take place. (Doc. 30-1 at 13-18.) However, Plaintiffs did not appear. (*Id.*)

On February 21, 2024, Defendants served requests for admission ("RFAs") on Plaintiffs. (Doc. 26.) Among other things, Defendants asked each Plaintiff to admit that (1) Defendants were not negligent in the underlying accident; and (2) the underlying accident did not cause Plaintiff to suffer any injury. (Doc. 30-1 at 3, 8.)

Pursuant to Rule 36(a)(3), Plaintiffs' responses to the RFAs were due within 30 days of when the RFAs were served, *i.e.*, by March 22, 2024. Plaintiffs did not respond by that deadline and indeed have never responded. (Doc. 30 at 1.)

On April 18, 2024, Defendants filed the pending motion for summary judgment or, in the alternative, motion to dismiss. (Doc. 30.) The deadline to respond has now expired and Plaintiffs did not file a response.

**DISCUSSION**

Defendants' first argument is that they are entitled to summary judgment based on Plaintiffs' failure to respond to the RFAs, because Plaintiffs have effectively "admitted that Defendants were not negligent and did not cause their damages." (Doc. 30 at 2.) The Court agrees that Defendants are entitled to summary judgment on this basis.

Rule 36(a)(3) provides in relevant part that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." "Rule 36 is self-executing, meaning that a party admits a matter by failing to serve a response to the request within thirty days; the opposing party does not have to file a motion to deem the matter admitted." *In re Pacific Thomas Corp.*, 715 F. App'x 778, 779 (9th Cir. 2018). Thus, by not responding to Defendants' RFAs, Plaintiffs have admitted that Defendants were not negligent and that the underlying accident did not cause Plaintiffs to suffer any injury.

Under Rule 36(b), "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Here, Plaintiffs have not moved to withdraw their admissions. Thus, the absence of negligence and causation in this case are conclusively established. *Seminiano v. Xyris Enterprise, Inc.*,

602 F. App'x 682, 683 (9th Cir. 2015) (citing other cases for the proposition that a "deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)"). It follows that Defendants are entitled to summary judgment on Plaintiffs' negligence claim.

Given this determination, it is unnecessary to address Defendants' alternative request for dismissal under Rule 41(b), although the Court notes that this request also appears to be meritorious.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment or, in the alternative, motion to dismiss (Doc. 30) is **granted**. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 24th day of May, 2024.

Dominic W. Lanza
United States District Judge

- 3 -